*By the Court :
This note was not negotiable. The statute of 1820 does not, like that of 1810, embrace notes payable in property. The right of the plaintiff, therefore, to recover in his own name, depends on the form of the note and the operation of the promise. We consider the promise in the note as made, not only to Knapp, but to the person to whom he should deliver it.
The objection taken in the argument that the note was not indorsed, is not entitled to any weight. An indorsement is not necessary to pass the interest of the first holder — a delivery is suf *208 ficient for that purpose. It is well settled that the holder of a note, payable to bearer, may recover the contents in his own name, provided he has obtained it for a valuable consideration, in the fair course of trade. To entitle a holder to recover on such a note, in his own name, it must be stated as a part of his title, and proved at the trial, that the note was delivered to him for a valuable consideration, or that he acquired it in the usual course of trade or business. It was decided in Grant v. Vaughan, 3 Burr. 1516, that a negotiable note, payable to bearer, may be recovered in an action for money had and received. But in this case the action is founded on the note, which is declared on as though it were made payable to the plaintiff, he being the bearer. Under these circumstances he is bound to make the averments before stated, and also to prove them. Without these averments and this proof, he can nob maintain his right to a recovery. He can not rely on the presumption that he obtained the note fairly. That fact is a substantial part of his title, which must be averred and proved. Without the averment, he sets out a defective title; and without the proof, he does not sustain the title. For anything that appears in the record, the note might have come into the hands of the plaintiff by fraud or accident, without delivery or consideration. In the first instance, the right was vested in Knapp, and the record does not show that that right has been transferred. We consider it to be as necessary to aver a delivery in this case as it is to set out an assignment on a note payable to order. The declaration is therefore defective, and the court erred in overruling the demurrer.
Judgment reversed†

 Note by the Editor. — As to the negotiability of notes not payable in money, see i. 115, 189; iii. 51; vi. 279; xiv. 455; xv. 118; xvi. 5. To be negotiable, a note must be an unconditional promise to pay, xiv. 455.